UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>           Plaintiff,<br><br>      v.<br><br>JOHN MCMAHON, et al.,<br><br>           Defendants. | Case No. 5:19-cv-00335-VBF (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

     On February 21, 2019, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983.  [Dkt. 1].  On April 7, 2020, United States Magistrate Judge Gail J. Standish issued an "Initial Order in Civil Rights Cases" informing Plaintiff of his obligations in prosecuting his civil rights case in this Court.

     On April 28, 2020, the copy of the April 7 Order served upon Plaintiff at his docket address of record (the Richard J. Donovan Correctional Facility) was returned by the U.S. Postal Service to the Clerk's Office as undeliverable, with a notation "Return to Sender."  [Dkt. 20].  As a result, on May 1, 2020, Magistrate Judge Standish issued a second Order, in which she directed Plaintiff to show cause, by no later than May 8, 2020, why he had failed to comply with Local Rule 41-6 (discussed below) or, alternatively, providing that he could simply comply with

Local Rule 41-6 by that date. [Dkt. 21, "OSC".] The OSC specifically warned Plaintiff as follows:

> **Plaintiff is cautioned that the failure to comply with this Order To Show Cause will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and/or Local Rule 41-6 for want of prosecution.**

[OSC at 2; emphasis in original.] May 8, 2020 has come and gone, and Plaintiff has neither responded to the OSC nor complied with Local Rule 41-6. The OSC was further returned to the Court as undeliverable on May 12, 2020. [Dkt. 22.]

Local Rule 41-6 provides that:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

It has been more than 15 days since the April 7 Order was served on Plaintiff at his docket address of record, which the Court now knows no longer is a viable address. To date, Plaintiff has failed to comply with the Local Rule 41-6 requirement that he submit a Notice of Change of Address for filing when his address changed. Given Plaintiff's failure to provide the Court with a current address or other means of contacting him, the Court has no means of communicating with him, given that he has not provided the Court with a telephone number or email address or otherwise contacted the Court. Given Plaintiff's failure to keep the Court apprized of his whereabouts, the Court assumes that he no longer wishes to pursue this case and that this action may be dismissed. Thus, Local Rule 41-6 on its own supports the dismissal of this action for want of prosecution.

///

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Local Rule 41-6, for lack of prosecution.

**IT IS SO ORDERED.**

Dated:  June 17, 2020    _____

VALERIE BAKER FAIRBANK
SENIOR U.S. DISTRICT JUDGE